UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:19-CR-76 JD

LAMONT JAMERSON

**OPINION AND ORDER**

Lamont Jamerson pleaded guilty to one count of being a felon in possession of a firearm. (DE 39.) The Court sentenced him to 144 months of imprisonment after finding that he qualified as an armed career criminal. (DE 56.) Mr. Jamerson now moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing that his counsel provided ineffective assistance. (DE 63.) Mr. Jamerson also requests in a separate motion that the Court appoint an attorney. (DE 66.) For the following reasons, the Court denies each of Mr. Jamerson's motions.

A.   **Standard of Review**

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

B.     Discussion

*(1) Request for Counsel*

Mr. Jamerson has requested appointed counsel to assist him with his petition under § 2255. (DE 66.) The Seventh Circuit has repeatedly held that "a prisoner seeking a sentence reduction does not have a right to appointed counsel." *United States v. Johnson*, 304 F. App'x 464, 465 (7th Cir. 2008) (citations omitted); *see also LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967) ("We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights."). After all, "[t]he right of access to the courts protects prisoners from being shut out of court; it does not exist to enable the prisoner to litigate effectively once in court." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (quotations omitted). However, if an evidentiary hearing is required, the Court must appoint counsel for an indigent petitioner. *United States v. Sewell*, No. 1:07-CR-53-HAB, 2020 WL 7632309, at *1 (N.D. Ind. Dec. 21, 2020) ("If an evidentiary hearing is held, the district court must appoint counsel for an indigent petitioner.").

As explained below, the Court believes that Mr. Jamerson's arguments are baseless and that no evidentiary hearing is required. Therefore, it denies his request for counsel.

*(2) Ineffective Assistance of Counsel*

Mr. Jamerson argues that he received ineffective assistance of counsel. The Sixth Amendment provides a criminal defendant with the right to counsel, U.S. Const. amend. VI, and "inherent in this right is that the defendant is entitled to the effective assistance of counsel." *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009). In order to prevail on his claim for ineffective assistance of counsel, Mr. Jamerson must establish "that his 'counsel's performance

2

was deficient' and that 'the deficient performance prejudiced the defense.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Meaning, he must establish "(1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for the ineffective assistance, the result of the proceedings would have been different." *Recendiz*, 557 F.3d at 531. The Court finds that Mr. Jamerson has not established either element.

Mr. Jamerson argues that his counsel was deficient because he did not contact witnesses and obtain the needed evidentiary submissions for his sentencing. (DE 63 at 4.) Mr. Jamerson asserts that had his counsel done a "proper investigation," he would not have received a four-level sentence enhancement for possessing a firearm in connection with another felony offense under Guidelines § 2K2.1(b)(6)(B). (*Id*.)

This argument fails because Mr. Jamerson's Guideline range did not depend on § 2K2.1(b)(6)(B). Rather, his ultimate Guideline range was driven by his classification as an armed career criminal. An armed career criminal is an individual who "violates section 922(g) of [Title 18] and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Mr. Jamerson pleaded guilty to violating § 922(g) and his Presentence Investigation Report (PSR) indicated that he had three prior convictions for violent felonies. (DE 43 ¶¶ 43–46, 51–52.) Accordingly, Mr. Jamerson was classified as an armed career criminal.

Under Guidelines § 4B1.4, as an armed career criminal, his offense level was the greatest of: "(1) the offense level applicable from Chapters Two and Three; or (2) the offense level from §4B1.1 (Career Offender) if applicable; or (3)(A) 34, if the defendant used or possessed the

firearm or ammunition in connection with either a [crime of violence or controlled substance offense]; or (B) 33, otherwise." Under Chapter 2, the PSR calculated Mr. Jamerson's adjusted offense level as 28. (DE 43 ¶ 25.) The PSR came to this adjusted offense level after giving him a four-level enhancement for possessing a firearm in connection with another felony offense under § 2K2.1(b)(6)(B). (DE 43 ¶ 21.) It is this enhancement that Mr. Jamerson alleges his counsel should have objected to. However, this enhancement ended up being irrelevant to Mr. Jamerson's total offense level because the offense level under Chapter 2, 28, was less than his offense level as an armed career criminal, 33. Under § 4B1.4, the offense level of 33 applied since it was greater than the offense level under Chapter 2. This would be the case even if Mr. Jamerson's sentencing enhancement under § 2K2.1(b)(6)(B) did not apply, since 24 would still be less than 33. Ultimately, Mr. Jamerson's total offense level was 30, after reducing his offense level by 3 points for acceptance of responsibility. (DE 43 ¶ 29.) This was the offense level that was used to calculate his guideline imprisonment range. (*Id.* ¶ 130.)

The above shows that raising an objection to the enhancement under § 2K2.1(b)(6)(B) would have had no impact on Mr. Jamerson's guideline range. Additionally, had an objection been raised over the enhancement, the Court would not have had to resolve the dispute. *See* Fed. R. Crim. P. 32(i)(3)(B) ([T]he court . . . must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute *or determine that a ruling is unnecessary . . . because the matter will not affect sentencing . . . .*" (emphasis added)).

Since Mr. Jamerson's argument is predicated on an inconsequential sentencing enhancement under § 2K2.1(b)(6)(B), the Court finds that he cannot demonstrate deficient performance or prejudice. *See United States v. Edwards*, 777 F.2d 364, 365 (7th Cir. 1985) ("A lawyer, after all, has no duty, indeed no right, to pester a court with frivolous arguments . . . .");

4

*see also Johnson v. United States*, No. 18-CV-02111-JPG, 2020 WL 2419508, at *5 (S.D. Ill. May 12, 2020) ("The failure to make a meritless argument does not rise to the level of ineffective assistance.").[1]

Mr. Jamerson also briefly argues that his counsel "failed to advise [him] of [his right to seek a] direct appeal. (DE 63 at 3–4.) However, even if counsel failed to advise him, the Court advised him of that right at his sentencing. After reviewing his waiver of appeal in his plea agreement, the Court advised Mr. Jamerson "that you still have the right to file an appeal even though it may be subject to dismissal given [the] waiver." (DE 71 at 28.) The Court then advised him that "any notice of appeal must be filed within 14 calendar days of the judgment." (*Id.*) Therefore, even if his counsel failed to inform him of his right to appeal, Mr. Jamerson suffered no prejudice from this failure.

Lastly, the Court finds that an evidentiary hearing is not warranted. A hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (quoting 28 U.S.C. § 2255). Here, the record clearly shows that Mr. Jamerson is not entitled to relief.

### *(3) Certificate of Appealability*

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255

---

[1] The Court also notes that Mr. Jamerson failed to provide the specific information the investigation would have produced. *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) ("When the purported deficiency is based on a failure to investigate, [the petitioner must allege] what the investigation would have produced."). He does not say who the witness is that his counsel should have contacted or what information that witness would have provided. This is insufficient. *See U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) ("The district court simply cannot fulfill its obligation under *Strickland* to assess prejudice until the petitioner has met his burden of supplying sufficiently precise information.").

Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Jamerson, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Jamerson wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

**C.   Conclusion**

The Court DENIES Mr. Jamerson's motion to vacate under § 2255. (DE 63.) The Court also DENIES his request for counsel. (DE 66). Furthermore, Mr. Jamerson's motion for a status hearing on his §2255 motion is now MOOT. (DE 73.) Lastly, the Court DENIES the issuance of a certificate of appealability. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: February 28, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court